

**SIGNED this 02nd day of May, 2007.**

```
                                    _____
                                          FRANK R. MONROE
                                    UNITED STATES BANKRUPTCY JUDGE
```
_____

```
                    UNITED STATES BANKRUPTCY COURT
                      WESTERN DISTRICT OF TEXAS
                           AUSTIN DIVISION
IN RE:                                )
                                      )
HENRY ALAN GREEN                      ) CASE NO. 06-11761-FM
        ALLEGED DEBTOR                ) INVOLUNTARY CHAPTER 7
_____  )
TERESA M. GREEN                       )
        ALLEGED DEBTOR                ) CASE NO. 06-11762-FM
                                      ) INVOLUNTARY CHAPTER 7
```

MEMORANDUM OPINION

      The Court has reviewed the Alleged Debtors' Motion for New Trial on Interlocutory Memorandum Opinion in this involuntary bankruptcy proceeding. The Alleged Debtors request a new trial in connection with this Court's Memorandum Opinion entered April 10, 2007 on the grounds that it is necessary to correct clear error of law and/or fact by providing certain new evidence and reviewing certain uncontroverted testimony of the Alleged Debtors at trial as to the nature of their creditors and their claims that they allege this Court did not consider. The Court determined in its Memorandum Opinion that each of the Alleged Debtors had less than 12 creditors, and

1

therefore §303 of the Bankruptcy Code required only one petitioning creditor to file an involuntary petition against each Alleged Debtor instead of three petitioning creditors.

Josephine Maita, one of the petitioning creditors filed her response to this Motion for New Trial indicating that it: 1) is premature as there is no written order upon which a "new trial" can be granted, 2) presents no new evidence and 3) does not actually seek a new trial, but is merely an attempt to reopen the evidence.

The Alleged Debtors want the Court to reconsider its Memorandum Opinion based on evidence the Alleged Debtors were able to, but did not, present at the trial of this matter as well as to make further arguments based on the testimony adduced at trial.

The Memorandum Opinion does not constitute an appealable "final decision". In a bankruptcy case, if a particular adversary proceeding has been finally resolved, the outcome constitutes an appealable 'final decision'. *Turshen v. Chapman,* 823 F.2d 836, 839 (4th Cir. 1987). This Court stated at page 29 of its Memorandum Opinion that before the full relief requested could be rendered, the Court would need to try the issue of whether the Alleged Debtors were generally paying their debts as required under §303(h) of the Bankruptcy Code. Thus, according to *Turshen*, the Memorandum Opinion does not constitute a final decision because this Court must still make a determination on this remaining issue.

However, the fact that a decision is interlocutory does not prohibit this Court's reconsideration. Moore's states that a "trial court has plenary power over its interlocutory orders until a final judgment has been entered." *Moore's Federal Practice* 12-59 Moore's Federal Practice-Civil §59.21. Moore's concludes that "Rule 59 should not restrict the power of the trial court to give relief from an interlocutory order." *Id.* The Fifth Circuit in *Gallimore v. Missouri Pac. R.R. Co.,*

2

adopted this analysis in holding that the district court did not err in reversing its earlier order granting a new trial. 635 F.2d 1165, 1170-71 (5th Cir. 1981). Consequently, this Court notes that it has the authority to alter or amend its Memorandum Opinion. See, *Roanoke Iron & Bridge Works, Inc. v. RIB Detention Equipment, Inc.,* 98 B.R. 256 (Bankr.W.D. Va. 1988)(Memorandum opinion considered an interlocutory order and one which court had plenary authority to alter or amend). Whether this Court chooses to do so is actually the issue.

The Court did not enter an actual interlocutory order with respect to this Memorandum Opinion as there is only one additional related issue remaining to be determined. The Court is waiting to rule on this issue before entering a final order. The Motion for New Trial of the Interlocutory Memorandum Opinion is analogous to an appeal of an interlocutory order or judgment. The Supreme Court in *Catlin v. United States,* described a final decision as "one which ends the litigation. . . and leaves nothing for the court to do but execute the judgment." 324 U.S. 229, 233 (1945). In the bankruptcy context, an order is appealable if the separate dispute is "finally resolved and leaves nothing further for the bankruptcy court to do." *In re Brickell Inv. Corp*, 171 B.R. 149, 160-61 (S.D. Fla. 1994). This prevents fragmentary, premature and unnecessary appeals by allowing a trial court to bring a case to final judgment before it is presented to the appellate court as well as avoids delay that would result from allowing the appeal of a non-final order.

Motions for new trial and motions to reconsider interlocutory orders/judgments should be reviewed in the same context. This dispute is not "finally resolved" as one additional issue under §303 needs to be adjudicated. This Court must enter a final order before it will consider a request for new trial or a motion to reconsider. This prevents piecemeal review by way of new trial and reconsideration motions. The Motion for New Trial is premature and must be denied..

3

Additionally, the Motion for New Trial is merely brought to raise arguments that could or should have been made at trial. The Alleged Debtors also desire to introduce new evidence such as a credit report with respect to a Citi Advantage card of which Mr. Green's mother is the card holder and is contractually liable, and the Greens are merely authorized users on the card. They desire to have another creditor, Mr. Kuhlmann, now testify with respect to a debt owed him by Mr. Green when this Court previously disallowed Mr. Kuhlmann's affidavit in connection with this debt. And, they want the Court to view certain uncontroverted testimony in a different light because the Alleged Debtors failed to fully associate the facts with the law at the hearing. All this was known to the Alleged Debtors at trial, and there has been no showing as to why the evidence the Alleged Debtors now want to provide this Court was not presented at the hearing.

Mr. Green testified about the credit report concerning the Citi Advantage card and also to he and his wife being authorized users on the card. The credit report with respect to the Citi Advantage Card could have obviously been presented at the hearing. Mr. Kuhlmann could have testified at the hearing instead of the Alleged Debtors presenting his affidavit. Further, the Alleged Debtors want certain debts considered "necessaries" as defined under the California and Texas Family Codes when the Alleged Debtors could have more clearly presented evidence upon and argued this point at trial. All of the issues were fully briefed and argued by the parties and decided by this Court. An Order denying the Alleged Debtors' Motion for New Trial will be entered of even date herewith.

###